891 So.2d 653 (2005)
FLORIDA HIGH SCHOOL ATHLETIC ASSOCIATION, Appellant,
v.
Joseph MARAZZITO, as Father and Natural Guardian of Jason Marazzito, a minor, Appellee.
No. 2D04-830.
District Court of Appeal of Florida, Second District.
February 2, 2005.
Leonard E. Ireland, Jr. of Clayton-Johnston, P.A., Gainesville, for Appellant.
No appearance for Appellee.
SILBERMAN, Judge.
The Florida High School Athletic Association (FHSAA) appeals an order granting injunctive relief to Joseph Marazzito as the father and natural guardian of Jason Marazzito. Among other things, the order enjoined the FHSAA from denying Jason the right to participate as a member of his high school baseball team. The FHSAA argues that the trial court improperly substituted its judgment for that of the FHSAA, the governing body for high school athletics, and improperly interfered *654 in the internal affairs of the FHSAA. We agree and reverse.
The FHSAA is a statutorily created nonprofit corporation that regulates high school athletic programs in member schools. See § 1006.20, Fla. Stat. (2003); Fla. High Sch. Athletic Ass'n v. Melbourne Cent. Catholic High Sch., 867 So.2d 1281, 1284 (Fla. 5th DCA 2004). After the FHSAA denied the father's request that Jason be granted a hardship waiver to allow him an extra year of eligibility to play high school baseball, the father filed suit and sought declaratory and injunctive relief. Following an evidentiary hearing, the trial court determined that the FHSAA should have granted a waiver and ordered that Jason be permitted to play varsity baseball for his school, All Saints Academy, located in Polk County.
It has previously been stated that Florida courts may intervene in the internal affairs of an association such as the FHSSA only under exceptional circumstances. Fla. High Sch. Athletic Ass'n v. Blanchard, 884 So.2d 411, 411 (Fla. 1st DCA 2004). In Melbourne, 867 So.2d at 1290-91, the Fifth District reiterated "that courts should exercise limited interference with the internal affairs and rules of a voluntary membership association" and quoted the rule set forth in Rewolinski v. Fisher, 444 So.2d 54, 58 (Fla. 3d DCA 1984), that a court should only intervene when "(1) the association's action adversely affects `substantial property, contract or other economic rights' and the association's own internal procedures were inadequate or unfair, or if (2) the association acted maliciously or in bad faith."
Here, the evidence does not support the trial court's conclusion that the FHSAA improperly denied the Marazzitos' waiver request or that the FHSAA's internal procedures were inadequate to address the request for a hardship waiver. Significantly, the trial court did not find that the FHSAA acted "maliciously or in bad faith" or that the FHSAA decision adversely affected "substantial property, contract or other economic rights." Although the trial court was undoubtedly sympathetic to Jason's situation, because the evidence did not establish exceptional circumstances that would support imposition of the injunction, we are compelled to reverse. See Blanchard, 884 So.2d at 412; Melbourne, 867 So.2d at 1291.
Reversed.
DAVIS and VILLANTI, JJ., concur.